

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN E. ISOM,

        Plaintiff,

v.                                                            Case No. 07-C-993

STEVEN BISKUPIC,

        Defendant.

## ORDER

The petitioner, who is incarcerated at the Winnebago Correctional Center, filed a *pro se* petition for a writ of mandamus pursuant to 28 U.S.C. § 1361. This matter comes before the court on petitioner's motion for leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(b)(1), the petitioner is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the petitioner at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the petitioner has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been

assessed and paid an initial partial filing fee of $11.72. He has subsequently paid partial filing fees totaling $191.38.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

The petitioner's mandamus petition relates to events surrounding his conviction following a jury trial in *Isom v. Endicott*, Milwaukee County Criminal Case Number 02CF000659.[1] He contends that he is being denied access to factual documentation that will show that the City of Milwaukee Police Department and the Milwaukee County Office of the District Attorney entered into a racially-motivated conspiracy to falsely imprison him. The petitioner asserts that this documentation will further show that "a Chief Judge, Circuit Court Judges, and lawyers of the Wisconsin's Bar Association, knowingly and voluntarily entered into this racially motivated conspiracy by ignoring the complainant's plea for help, and denying him the rights to Due Process, and the Equal Protection of the Laws[.]" (Petition at 4.) According to the petitioner,

> It is due to the high ranking status of the members of this racially motivated conspiracy that the complainant now contends. That a cover-up has ensued to prevent the complainant from exposing the corruption, prejudice, and racism that now taints the inner sanctums of the State's First Judicial District. The complainant has sought the assistance of the Milwaukee District Attorney's Office, Wisconsin Dept. of Justice, U.S. Attorney Office, and the Federal Bureau of Investigation, requesting the assistance from all of the above in uncovering crimes committed against his person. (Exhibit 4, verifies all recipients of the John Doe, petition) The Milwaukee County Circuit Court on numerous occasions has refused to accept Isom's request for a John Doe, proceeding pursuant to Wis. Stat. §§ 968,26. Both the Wisconsin Court of Appeals, and the Wisconsin Supreme Court, have denied Isom's request for a Supervisory Writs of Mandamus, pursuant to Wis. Stat. §§ 809.51(2) and § § 809.71. It is now Isom's contentions that he has no other remedy at law to present his claim and allegations. With the lower courts failing to grant an evidentiary hearing, Isom has not been given an opportunity to present the facts of his case. It is now Isom's strongest belief that he is being denied access to the Circuit Courts, in order to cover-up the illegal racially motivated conspiracy that now has him falsely imprisoned.

(Petition at 5.) For relief, the petitioner requests that the court "grant him an opportunity to present factual evidence to the US Attorney: Steven Biskupic, showing factual proof of crimes having been committed against his person." (Petition at 5.)

---

[1] The petitioner also filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 based on that criminal conviction. On February 7, 2008, this court denied the petition. *See Isom v. Nagle*, No. 07-C-0047, 2008 WL 359231 (E.D. Wis. Feb. 7, 2008). The case is currently on appeal.

Mandamus is an "extraordinary remedy." *See Scalise v. Thornburgh*, 891 F.2d 640, 648 (7th Cir. 1989) (citing *Burnett v. Bowen*, 830 F.2d 731, 739 (7th Cir. 1987)). "A party seeking a writ of mandamus shoulders the burden of showing that a right to relief is clear and undisputable." *Banks v. Sec'y of Ind. Family and Soc. Servs. Admin.*, 997 F.2d 231, 244 (7th Cir. 1993). Accordingly, the Seventh Circuit Court of Appeals has explained that this means that "mandamus jurisdiction is only available 'under exceptional circumstances of clear illegality.'" *Id.* Mandamus jurisdiction can be invoked when: (1) the petitioner has a clear right to the relief sought; (2) the respondent has a clear duty to perform; (3) no other adequate remedy is available. *Blaney v. United States*, 34 F.3d 509, 513 (7th Cir. 1994).

In this case, there is no indication that the petitioner has a clear right to present evidence to the United States Attorney or that the respondent has a clear duty to perform. The petitioner has not made the necessary showing and therefore his petition for mandamus will be denied.

### ORDER

**IT IS THEREFORE ORDERED** that the petitioner's motion for leave to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $146.90 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin this 24th day of April, 2008.

BY THE COURT:

C. N. CLEVERT, JR.
U.S. District Judge